IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC O. HERNANDEZ,

                    Petitioner,

         v.                                    CASE NO.  09-3160-SAC

STATE OF KANSAS,

                    Respondent.

O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas.  Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), and supporting documentation indicating it should be granted.

Mr. Hernandez alleges the following as to "the judgment of conviction (he is) challenging" in this Petition.  He was convicted by a jury in the District Court of Sedgwick County, Kansas, of one count of rape and two counts of criminal restraint, and sentenced on December 16, 2004, to 195 months in prison (District Case No. 04CR1653)(hereinafter 2004 convictions).  See Hernandez v. State of Kansas, 203 P.3d 88, 2009 WL 743861 at *1 (KCOA March 13, 2009).  He directly appealed his convictions, and the Kansas Court of Appeals (KCOA) affirmed on April 21, 2006.  Id.  His Petition for Review was denied by the Kansas Supreme Court on September 19, 2006.  He states that he also filed a petition for certiorari to the United States Supreme Court, which was denied[1].

_____

[1]    No such filing is recorded on the Kansas Appellate Courts docket available on-line for this case.  Petitioner does not provide the dates of filing or decision on a Petition for Certiorari.  Instead, he provides the dates and number of his Petition for Review to the Kansas Supreme Court.  The court finds that Mr. Hernandez appealed to the Kansas Supreme Court, but not the United States Court.

Petitioner states in his form Petition that he also filed a petition "other than the direct appeal".[2] The court takes judicial notice of <u>Hernandez v. State of Kansas</u>, 203 P.3d 88 cited above. Therein, the KCOA recounted that in April, 2007, Hernandez filed a pro se 60-1507 motion challenging his 2004 convictions of rape and criminal restraint. <u>Id</u>. at *1. The matter was before the KCOA on appeal of its denial. The KCOA found that in his 1507 motion, Mr. Hernandez had alleged:

> ineffective assistance of counsel, prosecutorial misconduct, prejudice by the court in denying him a fair trial and impartial jury trial, insufficiency of the evidence, denial of his speedy trial rights, and he was incompetent to stand trial.

<u>Id</u>. at *1. They further found that on appeal to the KCOA he only raised two issues: ineffective assistance of counsel for failure to object to the State's motion in limine, and incompetency to stand trial; and that he had thus "waived or abandoned the other issues". <u>Id</u>. On-line records of the Kansas Appellate Courts for this case (Appellate Case Number 99667, District Case No. 07CV1464) indicate petitioner did not file a Petition for Review in the Kansas Supreme Court of the KCOA's decision in this case.

### GROUNDS

As ground (1) for his Petition in federal court, Mr. Hernandez claims that his rights under the Eighth Amendment were violated by the Police Department. In support, he alleges he was informed by "the police officers" that if he "didn't agree with any and all

---

[2]      However, he incorrectly cites his criminal case No. 04CR1653, states that the "nature of the proceeding" was "direct appeal", and the date of result as the date the KCOA affirmed his conviction on direct appeal.

things said in the court room the day of trial" they would shock him "with the taser on (his) leg." He states he did not exhaust this claim either on direct appeal or in his post-conviction motion because he "feared to say any thing" and "was told not to say one word".

As ground (2), Hernandez claims Sedgwick County District Court subjected him to double jeopardy in violation of his rights under the 5th and 14th Amendments. In support, he alleges that the Sedgwick County Jail disciplined him and placed him in the hole for ten days "for having contraband or a weapon", and disciplined him a second time for another instance of having contraband or a weapon by restricting him to his cell for 60 days. He further alleges that after the second disciplinary offense they also filed criminal charges against him. Petitioner alleges that he has not exhausted this claim because he "did not know what to do at the time".

As ground (3), petitioner claims Sedgwick County District Court violated his rights under the 6th and 14th Amendments. In support, he alleges that a "stun belt" was put on him at trial and that this was an abuse of discretion. He alleges he did not exhaust this claim because he "didn't know what to do."


**<u>EXHAUSTION OF STATE REMEDIES</u>**

28 U.S.C. 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

<u>Id</u>. Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C.

2254(b)(1)(B).   "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).   Thus, if petitioner has not exhausted any of his three claims on either direct appeal or in his state post-conviction motion, he must now seek post-conviction relief on those very claims in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file and have decided a Petition for Review by the Kansas Supreme Court.

## GROUND ONE

   Petitioner admits and the court finds that state court remedies have not been exhausted on ground 1.  Petitioner's conclusory statements of being afraid to say anything are not supported by sufficient factual allegations to excuse his failure to exhaust state court remedies.  His statements that he did not have library access or enough legal knowledge do not excuse exhaustion.  He was represented by counsel at trial, on direct appeal, and on appeal of

his pro se state post-conviction motion.   An inmate who is represented by counsel during state proceedings, is not entitled to law library access as well.   In any event, Mr. Hernandez does not suggest why these conditions prevented him from raising his claim that he was threatened during trial by police on direct appeal or in his state post-conviction proceedings.

**GROUND TWO**

The court notes that petitioner has been convicted of other crimes unrelated to those challenged in this Petition.   In State of Kansas v. Hernandez, District Case No. 05CR908 (Kansas Appellate Courts Case No. 95187), he was convicted of 2 counts of trafficking contraband in a correctional institution.   See State of Kansas v. Hernandez, 152 P.3d 688, 2007 WL 656356 (Kan.App. March 2, 2007), Rev. denied, (Kan. Sept. 27, 2007).   The first of these trafficking crimes took place at a detention center where Mr. Hernandez was being held awaiting trial on the rape and criminal restraint charges.   The second arose from a search of his cell at the detention center on January 17, 2005.   His trafficking convictions in 2005 are entirely separate and different convictions than his 2004 convictions.

The court mentions the 2005 convictions because petitioner's ground 2, that he was subjected to double jeopardy by being tried for trafficking after having been disciplined in jail for the same conduct, is a challenge to his 2005 trafficking convictions rather than his 2004 convictions.   A state prisoner may not challenge two entirely different convictions in a single federal habeas corpus petition.   If Mr. Hernandez wishes to attack his 2005 convictions

for trafficking, he must file a separate habeas corpus petition raising only challenges relevant to those convictions[3].

The court finds that ground 2 is not properly raised in this Petition, as it is not a challenge to petitioner's convictions in 04CR1653. This ground is dismissed, without prejudice, for this reason. The court also notes that petitioner admits he has not exhausted state court remedies on this claim.

**GROUND THREE**

Petitioner alleges that he has not exhausted state court remedies on ground three. Based upon his statements alone, this court might dismiss this entire petition, without prejudice, for failure to exhaust. However, the opinion of the KCOA on petitioner's direct appeal of his 2004 rape and criminal restraint convictions plainly shows, to the contrary, that petitioner did raise this claim on his direct appeal.

**MIXED PETITION**

Since Ground 1 of this Petition has not been exhausted and Ground 3 has been exhausted, this petition is "mixed". The United States Supreme Court held in <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982), that a federal district court "may not adjudicate mixed petitions for habeas corpus, that is petitions containing both exhausted and unexhausted claims." Under <u>Rose</u> and 28 U.S.C. § 2254(b)(2), a district court faced with a mixed petition should

---

[3]     However, the court also mentions in passing, that administrative discipline of an inmate for violating jail or prison rules is not a criminal prosecution. Thus, double jeopardy principles are not offended by the inmate also being criminally charged, tried, and convicted based upon the same conduct.

either dismiss the entire petition without prejudice allowing the petitioner to return to state court to fully exhaust his state remedies, or permit the petitioner to amend his federal petition to present only the exhausted claims.  The court may also deny the entire petition, if it finds the claims are without merit.  However, the court declines to dismiss petitioner's claims on the merits at this juncture.

## AMENDED PETITION

Petitioner is given the option of filing an Amended Petition that raises only his exhausted claim.  He must now decide if he is content to proceed in this action only upon his fully exhausted claim, which is Ground 3 regarding the stun belt.  If he is, he must file an Amended Petition herein that contains only this single exhausted claim (and any other claims he may have that are also already fully exhausted).  He is forewarned that if he files this Amended Petition, his unexhausted claim, ground 1 regarding intimidation by police during trial, cannot be included.  It shall be dismissed and will not be reviewed in this action.  He is further warned that if he proceeds on this Petition and then at a later time files a second § 2254 petition attempting to raise his currently-unexhausted ground 1, that petition will likely be barred as "second and successive" under 28 U.S.C. § 2244(b)(2)[4].

If Mr. Hernandez would like to have both his challenges to his

---

[4]    This subsection pertinently provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed."  A few limited statutory exceptions apply, such as a claim that relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

2004 convictions reviewed in federal court, he should not file an Amended Petition in this case.  Instead, he should immediately file another state post-conviction motion in the state trial court raising any claims he has that are not exhausted including ground 1, and wait until his state court remedies have been fully exhausted on all his claims regarding his 2004 convictions.  After he has exhausted all his claims, he must immediately file a timely, new federal Petition.

If an Amended Petition is not filed in this case within the time allotted, this court will dismiss this action without prejudice to petitioner filing a new federal Petition in the future.  If Mr. Hernandez chooses this option, the court reiterates that he should immediately, diligently, and fully pursue all remedies available in state court; keep himself apprised of action taken in his ongoing state proceedings; and timely file a new federal petition raising all his claims as soon as his state remedies have been fully exhausted[5].

**STATUTE OF LIMITATIONS WARNING**

Mr. Hernandez is warned of the possible serious pitfalls of his not exercising diligence in the future in exhausting state court remedies on all his claims and in timely filing a federal habeas corpus petition following exhaustion.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28

---

[5]     Petitioner has already prepared the Petition and Memorandum filed in this case, and thus should be able to easily edit and prepare a new federal petition for filing in the future.  He may even prepare his new petition in advance, so that it may be immediately submitted for filing after exhaustion.  At any time, he may obtain § 2254 forms from the Clerk without charge upon request.

U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). A prisoner's state conviction is not "final" until ninety days beyond the date of the Supreme Court's last decision in his direct criminal appeal. This is the period during which the petitioner could have filed a petition for certiorari review in the United States Supreme Court[6].

Based upon the limited information now before this court, including that Hernandez did not file a petition for writ of certiorari, his 2004 convictions appear to have become "final" ninety days after September 19, 2006, or on approximately December 19, 2006. The statute of limitations for filing a federal habeas corpus petition in this case thus appears to have begun running on or about December 19, 2006. Petitioner's 1507 motion was filed much less than a year later in April, 2007. The remainder of the limitations period appears to have been tolled throughout the pendency of petitioner's state post-conviction motion challenging

---

[6]      This ninety-day time limit for filing a petition for certiorari has a tolling effect following the direct criminal appeal only. It has no tolling effect after the state supreme court issues its final order in state post-conviction proceedings. It follows that the statute of limitations in petitioner's case would begin running again upon the filing of the Kansas Supreme Court's decision on his Petition for Review in any future 1507 proceedings.

his 2004 convictions[7].  It appears to have begun running again, with several months remaining, sometime in April 2009, after the time expired in which petitioner could have filed a Petition for Review in the Kansas Supreme Court.

The court makes no actual findings with regard to the limitations time period remaining in this case, as it is not required to do so in this matter.  It finds only, from the foregoing tentative facts, that this does not appear to be a case where outright dismissal could jeopardize the timeliness of petitioner's collateral attack in federal court.  The court further finds that petitioner has not alleged good cause for failing to exhaust all available state remedies prior to filing this premature federal petition[8].

In sum, the court finds this is a "mixed petition", and Mr. Hernandez must either file an Amended Petition raising only exhausted claims, or this action will be dismissed without prejudice to allow him to return to state court and exhaust all his claims.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to file an Amended Petition herein that contains only his claim that has been fully exhausted.

**IT IS FURTHER ORDERED** that if no proper Amended Petition is

---

[7]    While the federal one-year statute of limitations is tolled during the pendency of pertinent state post-conviction proceedings; it is not tolled during the pendency of premature federal habeas corpus proceedings.  It follows that the time during which this federal action has been pending has had no tolling effect.

[8]    The court expresses no opinion with regard to the statute of limitations and petitioner's 2005 convictions.

filed within the time set by the court, this action will be dismissed, without prejudice, as a "mixed petition" and for failure to exhaust on all claims.

**IT IS FURTHER ORDERED** that petitioner's Ground 2 is improperly raised herein, and is dismissed, without prejudice, because it attacks different convictions than those challenged in this Petition.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge